■ In the Matter of NU SIGMA CHI, INC., Respondent, v. DONALD H. SMITH et al., Consituting the Zoning Board of Appeals of Cortland, et al., Appellants.— GIBSON, P. J.  Appeal from an order of the Supreme Court which, in a proceeding under article 78 of the CPLR, (1) annulled a determination of the Zoning Board of Appeals of the City of Cortland that a variance was required for the construction of a parking area on the property of petitioner, occupied by it as a sorority house, and (2) directed that the city official charged with enforcement of the zoning ordinance desist from interference with such use.  Appellants in their brief define the issue tendered on appeal as whether " the construction of [the] parking lot  *  *  *  without first obtaining a variance, violate[s] the ' open unoccupied space' requirement for both front and rear yards under the ' Planning and Zoning Ordinance of the City of Cortland' ".  Concededly, the maintenance of the sorority house is a conforming or permitted use in the R-2 or two-family and multiple-family residence district in which it is located.  (Other permitted uses include residential hotels, boarding, lodging, rooming and tourist homes, clubs and lodges, nursing and convalescent homes, and professional office buildings.)  Concededly, too, petitioner is required to maintain depths of 25 feet each as to its front and rear yards, each of which is defined by the ordinance, so far as here pertinent, as an " open unoccupied space on the same lot with a main building ", extending the full width of the lot, between the front or rear building line and the lot line, on the front or rear as the case may be.  Appellants' contention, simply stated, is that the ordinance permits of no distinction between the " encroachment " of a five-car garage upon the required open unoccupied space and the supposed " encroachment " thereon of the five-car parking area here involved. We find no sound basis for the legal and judicial construction of the technical language of the ordinance before us in the generalities in which appellants'

brief approaches the issue; and appellants' more specific reference, in aid of construction, to exceptions permitted with respect to the open space requirement, such as porches, fire escapes and the like, seem to us to point, if anywhere, to quite the contrary construction, as these are not comparable to automobiles or other highly mobile chattels but are permanent, affixed structures. Interestingly enough, the ordinance *requires* with respect to multiple occupancy buildings erected or enlarged subsequent to the effective date of the act, that provision be made for one off-street parking space for every two guest rooms, or in this case, had the building been later constructed, a total of 13 spaces, according to respondent's uncontradicted assertion. Conversely, we find nothing in the ordinance which expressly or by reasonable implication purports to impose inhibitory regulation of parking areas for the use of the occupants of the buildings upon the same premises. This would be so even if we were to indulge appellants' perhaps debatable assumption that the "open unoccupied space" requirements were intended to apply to anything other than the construction of buildings and adjuncts thereto. Set-back requirements of this nature do not generally proscribe temporary use of land for vehicular parking (see *Matter of Airequipt Mfg. Co.* v. *Gardner,* 235 N. Y. S. 2d 610, Nolan, J.; *Akers* v. *Baltimore,* 179 Md. 448; Anderson, Zoning Law and Practice in New York State, § 8.30, 1966 supp., p. 23) and we find in this case no restriction upon that merely accessory use. Judgment affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Gibson, P. J.